IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

WARREN KEITH HENNESS,

:

    Petitioner,                       Case No. 2:14-cv-2580

:         District Judge Michael R. Barrett

   -vs-                                     Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Center

:

    Respondent.

## DECISION AND ORDER; REPORT AND RECOMMENDATIONS

      This capital habeas corpus case is before the Court on Respondent's Motion to Transfer the case to the Sixth Circuit for that Court's consideration of whether Henness should be permitted to proceed (Doc. No. 7). In the alternative, Respondent moves to dismiss on the grounds that lethal injection method of execution claims are not cognizable in habeas corpus. *Id.* Petitioner opposes both requests (Doc. No. 8) and Respondent has filed a Reply in Support (Doc. No. 10).

      The first portion of Respondent's Motion seeking transfer is a non-dispositive pre-trial motion on which a Magistrate Judge has decisional authority under 28 U.S.C. § 636(b). The request for dismissal, however, is classified as dispositive by statute and thus requires a report and recommendations.

      This is Warren Henness' second-in-time habeas corpus petition attacking his conviction and sentence of death. His first petition was filed under Case No. 2:01-cv-043. The parties

1

unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and the undersigned entered a dismissal of the petition on the merits. *Henness v. Bagley*, 2007 U.S. Dist. LEXIS 80647 (S.D. Ohio Oct. 31, 2007). The Sixth Circuit affirmed, *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), and the Supreme Court denied certiorari, *Henness v. Robinson*, ___ U.S. ___, 132 S. Ct. 1970 (2012). Henness has sought relief from that judgment under Fed. R. Civ. P. 60(b) which has been denied, *Henness v. Bagley*, 2013 U.S. Dist. LEXIS 110672 (Aug. 6, 2013), *aff'd.*, 766 F.3d 550 (6th Cir. 2014), petition for certiorari pending, Sup. Ct. Case No. SC #14-8109.

Respondent is correct that this Court lacks jurisdiction to consider the merits of a second or successive habeas petition. *Burton v. Stewart*, 549 U.S. 147 (2007). Not every second-in-time habeas petition, however, even if it attacks the same judgment of conviction as a prior petition, is second or successive within the meaning of 28 U.S.C. § 2244(b)(3). The district court cannot merely transfer a second-in-time petition to the court of appeals for its determination whether the petition is second or successive. Rather, that decision must be made in the first instance by the District Court. *In re: Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012); *In re: Kenneth W. Smith*, 690 F.3d 809 (6th Cir. 2012).

Henness' Petition in this case asserts method of execution claims related to the Execution Protocol adopted by the State of Ohio on April 28, 2014, long after judgment in his prior case became final. Under those circumstances, the current Petition is not second or successive so as to require Circuit Court permission to proceed. *Sheppard v. Warden*, 2013 U.S. Dist. LEXIS 5560 (S.D. Ohio Jan. 14, 2013)(Frost, D.J.), relying on *In re: Jones*, 652 F.3d 603, 605 (6th Cir. 2010); *Panetti v. Quarterman,* 551 U.S. 930 (2007); and *Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). As Henness notes (Doc. No. 8, PageID 177), this is the position consistently taken

by the undersigned and adopted by the District Judges of this Court. *Tibbetts v. Warden*, No. 1:14-cv-602, Doc. 11, PageID 126-28 (S.D. Ohio Dec. 29, 2014) (Merz, M.J.); *Raglin v. Mitchell*, No. 1:00-cv-767, 2013 U.S. Dist. LEXIS 141199, at *94 (S.D. Ohio Sep. 29, 2013) (Barrett, J.); *Smith v. Pineda*, No. 1:12-cv-196, 2012 U.S. Dist. LEXIS 121019, at *13-14 (S.D. Ohio Aug. 27, 2012) (Merz, M.J.), *supplemented by* 2012 U.S. Dist. LEXIS 154037, at *2-4 (S.D. Ohio Oct. 26, 2012), *then adopted by* 2012 U.S. Dist. LEXIS 171759, at *2 (S.D. Ohio Dec. 4, 2012) (Rose, J.); *Chinn v. Bradshaw*, No. 3:02-cv-512, 2012 U.S. Dist. LEXIS 93083, at *8-9 (S.D. Ohio July 5, 2012) (Sargus, J.)

Accordingly, the request to transfer this case to the Sixth Circuit under *In re Sims*, 111 F.3d 45 (6th Cir. 1997), is DENIED.

Respondent also asserts Henness' lethal injection claims are not cognizable in habeas corpus, relying on *Scott v. Houk*, 760 F.3d 497 (6th Cir. 2014). In that case the Sixth Circuit refused to remand for district court consideration of a new lethal injection claim, noting that petitioner was a plaintiff in the § 1983 lethal injection protocol litigation pending before Judge Frost and therefore had an adequate forum in which to litigate his claim. The undersigned has previously rejected the claim that *Scott* overrules *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), which held a challenge to a lethal injection protocol was cognizable in habeas corpus:

> *Scott* did not purport to overrule *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), which held that a challenge to a lethal injection protocol can also be brought under 28 U.S.C. §2254. Nor could it do so since *Adams* is a published Sixth Circuit decision which can only be overruled by the Supreme Court or by an *en banc* Sixth Circuit.

*Tibbetts v. Warden*, 2014 U.S. Dist. LEXIS 177726, *4 (S.D. Ohio Dec. 29, 2014).

The Sixth Circuit has yet to rule directly on either proposition of law relied on to decide this Motion, but they represent the consistent policy of this Court. "*Stare decisis* is usually the

3

wise policy, because in most matters it is more important that the applicable rule of law be settled than that it be settled right." *Burnet v. Coronado Oil Co.,* 285 U.S. 393, 406 (1932)(Brandeis, J., dissenting).

The request to dismiss because Henness' claims are said to be non-cognizable in habeas corpus should be DENIED.

February 23, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).