# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

WARREN KEITH HENNESS,

                         :

       Petitioner,                   Case No. 2:14-cv-2580

                         :      District Judge Michael R. Barrett

   -vs-                         Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Center

                         :

       Respondent.

# ENTRY WITHDRAWING REPORT AND RECOMMENDATIONS;
# NEW SCHEDULE SET

This capital habeas corpus case is before the Court *sua sponte*.

On February 23, 2015, the Magistrate Judge filed a Decision and Order denying Respondent's Motion to Transfer this Case to the Sixth Circuit for a determination of whether it could proceed despite that "second or successive" bar in 28 U.S.C. § 2244 (ECF No. 14).  In the same filing, the Magistrate Judge recommended that the Warden's alternative motion to dismiss for failure to state a claim cognizable in habeas corpus be denied. *Id.*  The Warden had sought that relief in reliance on *Scott v. Houk,* 760 F.3d 497 (6th Cir. 2014).  The Magistrate Judge noted that he had previously rejected the claim that *Scott* overruled *Adams v. Bradshaw,* 644 F.3d 481 (6th Cir. 2011)(ECF No. 14, PageID 194, citing *Tibbetts v. Warden,* 2014 U.S. Dist. LEXIS 177726, *4 (S.D. Ohio Dec. 29, 2014).   The Warden objected to the Decision and Order (ECF

No. 16) and Henness has replied (ECF No. 17).

The Magistrate Judge continues to adhere to the denial of transfer to the Sixth Circuit. However, two changed circumstances require additional consideration of the Report portion of the filing:

1.     The Petition attacks as unconstitutional the lethal injection protocol adopted by the State of Ohio on April 28, 2014 (See ECF No. 14, PageID 193).  The Court is advised that protocol has been superseded a number of times, most recently on June 29, 2015.  Thus Henness' claims directed to the superseded protocol are moot.

2.     On the same day the new protocol was promulgated, the Supreme Court decided *Glossip v. Gross,* 576 U.S. ___,  135 S. Ct. 2726, *; 192 L. Ed. 2d 761 (2015).  In numerous other capital cases pending before this Court, the Warden has asserted that *Glossip* effectively overrules *Adams* and that habeas corpus cases raising lethal injection protocol objections should therefore be dismissed.

Given these two developments, it is inappropriate to leave pending a Report which assumes a different state of affairs.  Therefore the Report and Recommendations portion of ECF No. 14 is WITHDRAWN.  Petitioner is granted leave to amend his Petition to reference the present Ohio lethal injection protocol not later than September 1, 2015.  Should the Warden wish to do so, she shall file her motion to dismiss the newly-amended petition on the basis of *Glossip, supra,* not later than September 15, 2015.   Any memorandum in opposition and reply memorandum shall be filed in accordance with the schedule in S. D. Ohio Civ. R. 7.2.

August 17, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

3