## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

WARREN KEITH HENNESS,

:

    Petitioner,                        Case No. 2:14-cv-2580

:      District Judge Michael R. Barrett
  -vs-                               Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Center

:

    Respondent.

---

# REPORT AND RECOMMENDATIONS; TRANSFER ORDER

---

This capital habeas corpus case is before the Court on the Warden's Motion to Dismiss (ECF No. 27). Henness opposes the Motion (ECF No. 28) and the Warden's time for filing a reply memorandum has expired.

**Procedural History**

Warren Henness was convicted of aggravated murder and sentenced to death in the Franklin County Common Pleas Court. After exhaustion of state court remedies, he brought a habeas corpus action in this Court on January 16, 2001 (Case No. 2:01-cv-043). The parties unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and the

1

undersigned eventually entered judgment dismissing the Petition with prejudice on October 31, 2007. Henness appealed and judgment was affirmed. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011). Henness sought relief from judgment under *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), which this Court denied August 6, 2013. That judgment was affirmed on appeal. *Henness v. Bagley*, 766 F.3d 550 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1708 (2015).

While his first Petition was pending on appeal from denial of the *Martinez* motion, Henness filed this second-in-time Petition on December 11, 2014 (ECF No. 1). The Warden sought to have this case transferred to the Sixth Circuit as a second or successive petition for a determination of whether it could proceed or in the alternative to have it dismissed on the grounds it pled claims not cognizable in habeas corpus (ECF No. 7). The undersigned denied the Motion to Transfer, finding the Petition was not second or successive because it "asserts method of execution claims related to the Execution Protocol adopted by the State of Ohio on April 28, 2014." *Henness v. Jenkins*, 2015 U.S. Dist. LEXIS 21282 *3 (S.D. Ohio 2015), citing *Sheppard v. Warden*, 2013 U.S. Dist. LEXIS 5560 (S.D. Ohio Jan. 14, 2013)(Frost, D.J.), relying on *In re: Jones*, 652 F.3d 603, 605 (6th Cir. 2010); *Panetti v. Quarterman*, 551 U.S. 930, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007); and *Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998). As Henness notes (Doc. No. 8, PageID 177), this is the position consistently taken by the undersigned and adopted by the District Judges of this Court. *Tibbetts v. Warden*, No. 1:14-cv-602, Doc. 11, PageID 126-28, 2014 U.S. Dist. LEXIS 177726 (S.D. Ohio Dec. 29, 2014) (Merz, M.J.); *Raglin v. Mitchell*, No. 1:00-cv-767, 2013 U.S. Dist. LEXIS 141199, at *94 (S.D. Ohio Sep. 29, 2013) (Barrett, J.); *Smith v. Pineda*, No. 1:12-cv-196, 2012 U.S. Dist. LEXIS 121019, at *13-14 (S.D. Ohio Aug. 27, 2012) (Merz, M.J.), *supplemented by*

2012 U.S. Dist. LEXIS 154037, at *2-4 (S.D. Ohio Oct. 26, 2012), *then adopted by* 2012 U.S. Dist. LEXIS 171759, at *2 (S.D. Ohio Dec. 4, 2012) (Rose, J.); *Chinn v. Bradshaw*, No. 3:02-cv-512, 2012 U.S. Dist. LEXIS 93083, at *8-9 (S.D. Ohio July 5, 2012) (Sargus, J.)

In the same filing, the Magistrate Judge recommended that the Warden's alternative motion to dismiss for failure to state a claim cognizable in habeas corpus be denied. *Henness v. Jenkins, supra,* at *3-4. The Warden had sought that relief in reliance on *Scott v. Houk,* 760 F.3d 497 (6th Cir. 2014). The Magistrate Judge noted that he had previously rejected the claim that *Scott* overruled *Adams v. Bradshaw,* 644 F.3d 481 (6th Cir. 2011)(ECF No. 14, PageID 194, citing *Tibbetts v. Warden,* 2014 U.S. Dist. LEXIS 177726, *4 (S.D. Ohio Dec. 29, 2014).

On June 29, 2015, while this filing was pending on the Warden's Objections, Ohio adopted a new lethal injection protocol and the Supreme Court handed down *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015). The undersigned thereupon withdrew the pending Report and Recommendations and granted Henness "leave to amend his Petition to reference the present Ohio lethal injection protocol not later than September 1, 2015" and the Warden leave to "file her motion to dismiss the newly amended petition on the basis of *Glossip* not later than September 15, 2015" (ECF No. 25, PageID 280). The pending Amended Petition (ECF No. 26) and Motion *sub judice* followed as scheduled.

## ANALYSIS

The Amended Petition pleads ten Grounds for Relief, all directed to the fact that the judgment in Henness' case, under Ohio law as it presently stands, requires that he be executed by lethal injection. They are

**Ground One:** Keith Henness'[1] execution by lethal injection under Ohio law will violate the Supremacy Clause.

**Ground Two:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because any drug DRC [the Ohio Department of Rehabilitation and Correction] can procure for use in lethal injections has a substantial, objectively intolerable risk of causing unnecessary, severe pain, suffering, degradation, humiliation, and/or disgrace.

**Ground Three:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because it causes a lingering and undignified death.

**Ground Four:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because the lack of legally available, effective drugs to conduct lethal-injection executions will result in the arbitrary and capricious imposition of the death penalty.

**Ground Five:** Keith Henness' execution by lethal injection under Ohio law will be a human experiment on a non-consenting prisoner in violation of the Fourteenth Amendment.

**Ground Six**: Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because the lack of legally obtainable, effective drugs to conduct lethal-injection executions will cause psychological torture, pain and suffering.

**Ground Seven:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because of the substantial, objectively intolerable risk of serious harm due to DRC's maladministration of Ohio's execution protocol.

**Ground Eight:** Keith Henness' execution by lethal injection under Ohio law will violate the Equal Protection Clause of the Fourteenth Amendment.

**Ground Nine:** Keith Henness' execution by lethal injection under Ohio law will violate the Due Process Clause of the Fourteenth Amendment.

---

[1] The Petition in this case is pled in the name of "Warren Keith Henness" and that name continues to be used in the most recent filing on his behalf, a Notice of Reprieve (ECF No. 29). No reason is disclosed for referring to him in the Amended Petition as "Keith Henness."

4

> **Ground Ten:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because of his unique, individual physical and/or mental characteristics.

(Amended Petition, ECF No. 26, PageID 284-86.)

**Law of the Case**

The Warden notes that Henness pled a lethal injection ground for relief in his first Petition which read as follows:

> **Twenty-Fourth Ground for Relief:** The manner in which executions are carried out by the state of Ohio will subject Petitioner to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

(Amended Petition, Case No. 2:01-cv-043, ECF No. 86, PageID 67.)

This Court denied relief on the Twenty-Fourth Ground, writing as follows:

> In his twenty-fourth ground for relief, Henness challenges the lethal injection procedure used in Ohio, contending the method constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. (Petition, Doc. No. 86 at 94.) Respondent argues that the United States Supreme Court has not held that lethal injection is cruel or unusual, and that Henness is consequently not entitled to habeas corpus relief on that basis. (Return of Writ, Doc. No. 98 at 144-45.) Henness does not argue the issue in his traverse, and in his post-evidentiary hearing brief, he does not contest Respondent's argument, but merely copies his claim instead. (Petitioner's Post-Evidentiary Hearing Brief, Doc. No. 130 at 118.)
>
> Henness' claim is that the particular chemicals Ohio uses in administering lethal doses to death-sentenced inmates causes, or at least has the potential to cause, excruciating pain to the inmate. (Petition, Doc. No. 86 at 94.) He does not contend that lethal injection in any form is unconstitutional, only that the method currently used in Ohio is unconstitutional. *Id.* In *Hill v. McDonough,* 547 U.S. 573, 126 S.Ct. 2096, 2101-2, 165 L. Ed. 2d

5

> 44 (2006), the United States Supreme Court concluded that the plaintiff's challenge to Florida's lethal injection procedure was properly brought under 42 U.S.C. § 1983 rather than 28 U.S.C. § 2254 because the execution procedure challenged was not required by law. Like the statute in Florida, Ohio's statute setting forth the method of execution does not establish which drugs or even how many drugs must be used in carrying out the execution by lethal injection. Ohio Rev. Code § 2949.22. Henness' challenge to the specific drug protocol use in Ohio, then, does not present a general challenge to execution by lethal injection. Consequently, granting the relief Henness seeks "would not necessarily foreclose the State from implementing the lethal injection sentence under present law, and thus it could not be said that the suit seeks to establish 'unlawfulness [that] would render a conviction or sentence invalid.'" *Hill*, 126 S.Ct. at 2103-4, *quoting Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). As such, Henness' claim is not one that is cognizable in habeas corpus, and it is denied for that reason.

*Henness v. Bagley*, 2007 U.S. Dist. LEXIS 80647 *184-86 (S.D. Ohio Oct. 31, 2007).  Henness did not seek a certificate of appealability on this ground for relief, so the decision of this Court just quoted remains the law of the case.  That is, there is no decision of the Sixth Circuit on Henness' Twenty-Fourth Ground for Relief in his first Petition.

While the Warden cites the law–of-the-case doctrine as a basis for dismissal, she does not argue the point.  In contrast, Henness argues at length that the law-of-the-case doctrine does not require dismissal (Response, ECF No. 28, PageID 408-13).

Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.  *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993).  "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States*

*v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005).  "Law of the case directs a court's discretion, it does not limit the tribunal's power." *Id.*, *citing Southern R. Co. v. Clift*, 260 U.S. 316, 319 (1922); *Messenger v. Anderson*, 225 U.S. 436 (1912); *see also Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 589-90 (6th Cir. 1995).  However, the law of the case is no longer binding if "controlling authority has since made a contrary decision of the law applicable to such issues." *White v. Murtha*, 377 F.2d 428 (5th Cir. 1967), quoted approvingly in *Association of Frigidaire Model Makers v. General Motors Corp.*, 51 F.3d 271 (6th Cir. 1995).

The application of the law-of-the-case doctrine in habeas corpus is not settled:

> [I]t is not at all clear to us that the law-of-the-case doctrine should apply to successive habeas petitions. "Law-of-the-case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478 (2d ed. 2002). Whether successive habeas petitions constitute stages in a single, continuing lawsuit is a question that should be carefully considered. See *Lacy v. Gardino,* 791 F.2d 980, 984-85 (1st Cir.), cert. denied, 479 U.S. 888, 93 L. Ed. 2d 259, 107 S. Ct. 284 (1986). Although we do not decide the question, we, like the First Circuit, think it likely that each habeas petition is a separate and distinct case. See id.; see also *McCleskey v. Zant*, 499 U.S. 467, 479-85, 113 L. Ed. 2d 517, 111 S. Ct. 1454 (1991) (explaining that the "abuse of the writ" doctrine arose because, "at common law, *res judicata* did not attach to a court's denial of habeas relief. [A] refusal to discharge on one writ [was] not a bar to the issuance of a new writ." (quotation omitted)); but cf. *Shore v. Warden, Stateville Prison*, 942 F.2d 1117, 1123 (7th Cir. 1991), cert. denied, 504 U.S. 922, 118 L. Ed. 2d 573, 112 S. Ct. 1973 (1992) ("The law of the case doctrine is applicable to habeas proceedings."); *Raulerson v. Wainwright*, 753 F.2d 869, 875 (11th Cir. 1985) (applying the law of the case doctrine to a successive habeas petition).

*Rosales-Garcia v. Holland*, 322 F.3d 386, 398 n.11 (6th Cir. 2003)(*en banc*).  The panel decision which was vacated when the *en banc* hearing was granted had ruled against applying the law of the case doctrine in habeas.

7

Assuming the law of the case doctrine were applicable in habeas corpus generally, it would not require dismissal here because the law from both the Sixth Circuit and the Supreme Court has changed substantially since this Court dismissed Ground Twenty-Four of the first Petition. After that decision, the Sixth Circuit handed down *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011). In that case Ohio had asserted that all method-of-execution claims, because they can be brought in a § 1983 action, cannot be brought in habeas. In a brief per curiam opinion, the Sixth Circuit rejected that conclusion, holding:

> The Warden's contention that *Hill* "holds that a challenge to the particular means by which a lethal injection is to be carried out is non-cognizable in habeas" is too broad. Nowhere in *Hill* or *Nelson [v. Campbell*, 541 U.S. 637, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004)], does the Supreme Court state that a method-of-execution challenge is not cognizable in habeas or that a federal court "lacks jurisdiction" to adjudicate such a claim in a habeas action. Whereas it is true that certain claims that can be raised in a federal habeas petition cannot be raised in a § 1983 action, see *Preiser*, 411 U.S. at 500, it does not necessarily follow that any claim that can be raised in a § 1983 action cannot be raised in a habeas petition, see *Terrell v. United States*, 564 F.3d 442, 446 n.8 (6th Cir. 2009).

*Id*. at 483. As noted above, this Court has read *Adams* very broadly to allow lethal injection claims to be raised in habeas corpus even though they have been raised by the same petitioner in a pending § 1983 action without closely examining the exact terms of the lethal injection claims. This Court has recently noted that "*Adams* is logically correct: the fact that a claim may be brought under § 1983 does not ineluctably imply that it cannot be brought in habeas unless the two categories are mutually exclusive." *Landrum v. Robinson*, 2015 U.S. Dist. LEXIS 146195 *7 (S.D. Ohio Oct. 28, 2015).

This Court's broad reading of *Adams* is inconsistent with the Supreme Court's ruling in *Glossip v. Gross*, 576 U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015). *Glossip* does not

overrule either *Nelson* or *Hill*, but it comes "closer, however, to making mutually exclusive the categories of constitutional claims about lethal injection under § 1983 and § 2254." *Landrum* at *7-8. Justice Alito wrote for the majority in *Glossip*

> In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id*., at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that a method-of-execution claim must be brought under §1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Id*., at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

*Glossip*, 135 S. Ct. 2726, at 2738, 192 L. Ed. 2d 761. The Court coupled this interpretation of *Hill* with a requirement, enunciated in *Baze v. Rees*, 553 U.S. 35, 128 S. Ct. 1520, 170 L. Ed. 2d 420 (2008), that a § 1983 Eighth Amendment method-of-execution claimant must "identify a known and available alternative method of execution that entails a lesser risk of pain." *Id*. at 2731, citing *Baze*.

Henness contends that the ten grounds for relief in his present Petition are still cognizable in habeas after *Glossip* because they seek to invalidate his death sentence altogether, rather than to enjoin particular aspects of carrying out that execution by lethal injection (Response, ECF No. 28, PageID 413-16). He particularly notes that he has not, in the instant Petition, identified an alternative method of execution as required by *Glossip* for a § 1983 method-of-execution claim. *Id.* at PageID 416.) In that sense, none of his ten grounds for relief is a method-of-execution claim that must be brought in a § 1983 case.

However, following the logic of *Adams*, the fact that a claim is not properly pled in § 1983 does not imply that the same claim is properly pled in habeas. As the Court said in *Landrum*, "*Glossip* requires more than precision in labeling." *Landrum* at *9.

On their face, at least several of Henness' ten grounds for relief appear to go to method of

9

execution rather than invalidity. For example, Ground Two complains that the use of any drugs the Department of Rehabilitation and Corrections can obtain will violate the Eighth Amendment. That claim seems to call for an injunction against the drugs available at the time of the June 29, 2015, protocol. But the DRC has in the past been able to obtain and use drugs for lethal injections which satisfied the Eighth Amendment. If Ground Two is intended to assert that Ohio will never be able at any time in the future to obtain Eighth-Amendment-compliant drugs, that would seem to be an appropriate habeas claim. But that is not the way Ground Two is now pled. Grounds Four and Six as pled suffers the same deficiency.

Ground Seven is even more particularized to the current situation in Ohio. Is Henness attempting to plead that no administration of lethal injection by the DRC can ever be anything but maladministration (which sounds like a habeas claim) or only that past administrations have all been maladministrations and repeating them must be enjoined (which sounds like a § 1983 claim)?

The parties have not briefed these issues. The State's position seems to be that any post-*Glossip* habeas pleading that addresses method of execution must be brought under § 1983. Although its Motion to Dismiss is brought under Fed. R. Civ. P. 12(b)(6)(see PageID 399), it does not attempt to address any of the ten grounds for relief under the standard for adequate pleading adopted in *Bell Atlantic Corp. v. Twombly,* 550 U.S.544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Henness' response boils down to "since we didn't plead an acceptable alternative method, our claims must be permissible in habeas." Nor have the appellate courts provided much guidance on how much detail must be pled in a § 2254 petition to satisfy *Twombly* and *Iqbal*. This Court is reluctant to attempt to decide that question in the absence of complete briefing by the parties.

**Second or Successive**

In her Motion to Dismiss, the Warden requests the Court to reconsider the question of whether Henness' second-in-time Petition is second or successive under 28 U.S.C. § 2244(b) (Motion, ECF No. 27, PageID 404-05). Henness does not respond to that request.

This Court has been allowing second-in-time habeas petitions which raise challenges to new lethal injection protocols to proceed without circuit court permission under § 2244(b) on the theory that such claims "arise when Ohio adopts a new protocol." *Landrum v. Robinson,* 2015 U.S. Dist. 116914 *14 (S.D. Ohio Sept. 2, 2015). However, in the same opinion, the Court held that "[i]t is doubtful that rationale remains viable in light of *Glossip*." *Id.* In the later decision in the *Landrum* case cited above, the Court resolved that doubt:

> That rationale is no longer viable in light of *Glossip*. Habeas claims must attack the validity of the judgment itself and thus accrue when the death sentence is imposed, not when the State adopts a new lethal injection protocol. Challenges directed to the particulars of a method of execution must, under *Glossip*, be brought in § 1983 litigation.

*Landrum v. Robinson*, 2015 U.S. Dist. LEXIS 146195 *16 (S.D. Ohio Oct. 28, 2015). Henness asserts that his claims in the Petition here do attack the validity of his sentence, but that logic is completely at odds with the assertion his claims arose when the most recent protocol was adopted.

Having decided that the instant Petition is second or successive, this Court has no jurisdiction to proceed without permission of the circuit court. *Burton v. Stewart*, 549 U.S. 147 (2007). This Court, as with all federal courts, is bound to raise lack of subject matter jurisdiction *sua sponte*. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed.

11

126 (1908); *Capron v. Van Noorden*, 6 U.S. 126, 2 L. Ed. 229 (1804); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014)).

**Conclusion**

It is respectfully recommended that no decision be rendered on the Motion to Dismiss until the Sixth Circuit has decided under 28 U.S.C. § 2244(b) whether this case may proceed and the case is ordered TRANSFERRED to the Sixth Circuit for purposes of that decision. Transfer to the Sixth Circuit is STAYED until District Judge Barrett has decided any objections which may be filed to this Report and Order or until the time for such objections has expired, whichever is later.

November 2, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).