# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

WARREN KEITH HENNESS,

    Petitioner,

    -vs-

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Center

    Respondent.

:

:

:

Case No. 2:14-cv-2580

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON PETITIONER'S OBJECTIONS TO THE TRANSFER ORDER

    This capital habeas corpus case is before the Court on the Warden's Motion to Dismiss (ECF No. 27). The Magistrate Judge filed a Report and Recommendations recommending that the Motion to Dismiss not be decided until the Sixth Circuit had determined whether this case could proceed as a second or successive petition, combined with an Order transferring the case to the Circuit for that determination (the "Report," ECF No. 30). Petitioner filed Objections (ECF No. 32), the Warden filed a Response to those Objections (ECF No. 34), and Judge Barrett has recommitted the matter for reconsideration in light of those filings (Order, ECF No. 33).

1

**First Objection:  No Opportunity to Be Heard on Second-or-Successive Question**

Petitioner's first objection is that the Magistrate Judge ordered this case transferred to the Sixth Circuit as a second-or-successive habeas application without an opportunity for Petitioner to be heard before the decision was made.

Henness is correct that no particular briefing schedule was set on that question. However, in her Motion to Dismiss the Warden specifically requested that the Court reconsider its position on transfer in light of the Court's post-*Glossip* decision in *Landrum v. Robinson*, Case No. 2:12-cv-00859, 2015 WL 5145533, *6 (S.D. Ohio Sep. 2, 2015)(ECF No. 27, PageID 404-05).  When a party requests relief in a motion, S. D. Ohio Civ. R. 7.2 sets the briefing schedule.  Henness had the same opportunity to respond to the request to reconsider that any party responding to a motion has.

Additionally, of course, Petitioner had the opportunity to be heard on the merits in his objections, an opportunity he has now taken (ECF No. 32, PageID 447-52).  He will have another opportunity to be heard in objection to this Supplemental Report.

**Second Objection:  Lack of Magistrate Judge Authority to Rule on a Request to Transfer**

Petitioner next objects that the Magistrate Judge issued an order to transfer, rather than filing a recommendation for transfer.  Henness claims a transfer order is dispositive within the meaning of the Magistrates' Act (Objections, ECF No. 32, PageID 444-47).  Henness argues that because "the transfer of a petition as second or successive is functionally equivalent to a remand [to state court for improper removal] or a dismissal for lack of jurisdiction, it is actually a

2

dispositive ruling." (Objections, ECF No. 32, PageID 444-45.)

The Magistrates' Act as codified at 28 U.S.C. § 636(b)(1) provides

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

Thus the statute does not use the term "dispositive." It authorizes a magistrate judge to "hear and determine" any pretrial matter with certain specified exceptions. Fed. R. Civ. P. 72 introduces the language of "dispositive" and "non-dispositive" matters. Fed. R. Civ. P. 72(a) authorizes a magistrate judge to "hear and decide" any referred matter that is not "dispositive of a party's claim or defense." The Rule does not re-list the specific pre-trial matters excluded from magistrate judge decisional authority by § 636(b)(1)(A). Nothing in either the statute or the Rule speaks of other matters that may be "functionally equivalent" to a listed motion.

Henness' second example – a dismissal for lack of jurisdiction – is plainly listed in § 636(b)(1)(A). Thus a motion for such relief is excluded from decision by a Magistrate Judge by the language of § 636(b)(1)(A). An order of remand, Henness' other example, is not listed and it could be argued that it is not "dispositive" of a claim, but merely sends it back to the proper

3

court. However, the Sixth Circuit has expressly held that a motion to remand may not be determined or decided by a Magistrate Judge. *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001). The circuit has held generally that the list of dispositive motions in 28 U.S.C. § 636(b)(1)(A) is nonexhaustive and magistrate judges also lack jurisdiction over analogous matters including Rule 11 claims for damages, *Bennett v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir. 1992)(*per curiam*); a motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b); *Vitols v. Citizens Banking Co.*, 984 F.2d 168 (6th Cir. 1993); denial of *in forma pauperis* motions, *Woods v. Dahlberg,* 894 F.2d 187 (6th Cir. 1990)(*per curiam*); or a Rule 37 order striking pleadings with prejudice, *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir. 1988), cited approvingly in *Bennett*.

The Sixth Circuit has never extended the functional equivalent analogy to transfers of second or successive habeas corpus application. However, it has accepted transfers directly from a Magistrate Judge without questioning his or her authority to enter the order. *In re: Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012); *In re: Kenneth W. Smith*, 690 F.3d 809 (6th Cir. 2012).

Henness argues that, because a district court does not have jurisdiction over a second or successive habeas application, a transfer order is "equivalent to a ruling to dismiss for lack of subject matter jurisdiction." (ECF No. 32, PageID 447). Not so. A dismissal for lack of jurisdiction is an involuntary dismissal, a sort of motion expressly excluded from Magistrate Judge decision under § 636(b)(1)(A). Moreover, a transfer order does not dismiss the action. Rather, it suspends exercise of jurisdiction pending permission to do so by the circuit court.

In order to obtain a clear holding from the Sixth Circuit on this question of magistrate judge authority, the District Court should overrule this objection and allow Petitioner to present

4

the question squarely to the Court of Appeals.

**Third Objection:  The Petition is Not Second-or-Successive**

Aside from his procedural objections, Henness also argues the merits of the second-or-successive question (ECF No. 32, PageID 447-52).

In the wake of *Glossip v. Gross,* 576 U.S. ___,  135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015), this Court has concluded its prior jurisprudence is mistaken in treating habeas corpus claims as newly-arising when they are based on amendments to the Ohio lethal injection protocol.  This is because *Glossip* deepens the distinction between method-of-execution claims which must be brought in a § 1983 action[1] and claims which attack the validity of a lethal injection sentence and must be brought in habeas.

It is undisputed that this is Henness' second-in-time habeas corpus application; it attacks the same judgment as his prior habeas petition in this Court in Case No. 2:01-cv-043.    In  that prior petition, Henness made a claim that the chemicals used in lethal execution in Ohio had the potential to cause excruciating pain.  The Court concluded that this pleaded a method-of-execution claim not cognizable in habeas.  Henness did not seek a certificate of appealability on this claim and it was not considered by the Sixth Circuit.  See *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011).  However, the similarity of Henness' claims in this case to the one he made in the prior case is not material since the second-or-successive question is to be decided at least in part on the basis of whether the second petition attacks a new judgment or whether it makes new claims attacking a judgment previously attacked.  *Magwood v. Patterson*, 561 U.S. 320 (2010);

---

[1] *Glossip* also makes clear a § 1983 death row plaintiff must identify an available less painful alternative method of execution.

5

*King v. Morgan*, ___ F.3d ___, 2015 U.S. App. LEXIS 20776 (6th Cir. 2015).

Henness relies on Supreme Court precedent holding that the second-or-successive bar does not apply to claims that were not ripe at the time an initial habeas petition was filed. *In re: Curtis Jones,* 652 F. 3d 603, 605, citing *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998), and *Panetti v. Quarterman,* 551 U.S. 930 (2007), as to *Ford v. Wainright* claims arising after an initial habeas petition was adjudicated. But Henness' original lethal injection invalidity claim was not dismissed because it was unripe, but because it did not sound in habeas corpus, but was instead a § 1983 method-of-execution claim.

Petitioner's claims for relief in the instant Amended Petition read:

> **Ground One:** Keith Henness' execution by lethal injection under Ohio law will violate the Supremacy Clause.
>
> **Ground Two:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because any drug DRC [the Ohio Department of Rehabilitation and Correction] can procure for use in lethal injections has a substantial, objectively intolerable risk of causing unnecessary, severe pain, suffering, degradation, humiliation, and/or disgrace.
>
> **Ground Three:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because it causes a lingering and undignified death.
>
> **Ground Four:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because the lack of legally available, effective drugs to conduct lethal-injection executions will result in the arbitrary and capricious imposition of the death penalty.
>
> **Ground Five:** Keith Henness' execution by lethal injection under Ohio law will be a human experiment on a non-consenting prisoner in violation of the Fourteenth Amendment.
>
> **Ground Six**: Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because the lack of legally obtainable, effective drugs to conduct lethal-injection executions will cause psychological torture, pain and suffering.

> **Ground Seven:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because of the substantial, objectively intolerable risk of serious harm due to DRC's maladministration of Ohio's execution protocol.
>
> **Ground Eight**: Keith Henness' execution by lethal injection under Ohio law will violate the Equal Protection Clause of the Fourteenth Amendment.
>
> **Ground Nine:** Keith Henness' execution by lethal injection under Ohio law will violate the Due Process Clause of the Fourteenth Amendment.
>
> **Ground Ten:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because of his unique, individual physical and/or mental characteristics.

(Amended Petition, ECF No. 26, PageID 284-86.)

Henness offers no argument as to how any of these claims are newly arising by analogy to *Panetti*. The unavailability of drugs from manufacturers who previously supplied them is new, but that does not make the sentence invalid. Petitioner's arguments that compounded drugs or illegally imported drugs cannot be used again does not make the sentence invalid, but invites injunctive relief, temporary or permanent, against the use of those drugs, relief fully obtainable by Henness in the parallel § 1983 litigation, *In re Ohio Lethal Injection Protocol*, Case No. Case No. 2:11-cv-1016, where Henness is a plaintiff. Ground Two is remarkably parallel to the lethal injection claim made in the prior case. Ground Seven seems to claim that, based on its history of attempts, Ohio will never be able to execute Henness constitutionally, but that also would seem to be a claim that is properly addressed with a prayer for injunctive relief. Ground Ten would come closer to a *Pannetti*-like claim if, but only if, one or more of Henness's purported "unique, individual physical and/or mental characteristics" were new.

Henness' arguments about Ohio's inability to constitutionally carry out an execution, if

7

accepted as a basis for habeas jurisdiction, would completely collapse the distinction between § 1983 conditions-of-confinement claims and habeas corpus claims.  By Petitioner's logic, if N number of prisoners have been subjected to unconstitutional conditions of confinement, then prisoner N+1 could bring his conditions of confinement claim in habeas, arguing he can no longer be imprisoned because the State cannot carry out imprisonment in a constitutional manner.  Should the Supreme Court adopt that approach, the District Courts will faithfully carry it out, just as we conducted de novo review under *Fay v. Noia*, 372 U.S. 391 (1963), or held evidentiary hearings before *Cullen v. Pinholster,* 563 U.S. 170 (2011).  But the Supreme Court in *Glossip* has deepened that distinction rather than collapsing it.

**Conclusion**

On the basis of the foregoing analysis, it is respectfully recommended that the District Court overrule Petitioner's Objections to the Transfer Order and permit it to become effective.

January 4, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).