# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

WARREN KEITH HENNESS,

                Petitioner,

            -vs-

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Center

               Respondent.

:

Case No. 2:14-cv-2580

:

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

:

# REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Respondent's Motion to Dismiss this case as presenting a lethal injection protocol claim not cognizable in habeas corpus (ECF No. 27).

Since the decision in *Glossip v. Gross*, 576 U.S. ____, 135 S.Ct. 2726 (2015), this Court has struggled to determine its implications for this type of claim (See ECF No. 30, 35, 38). The implications are still not clear and the Ohio Attorney General presently has a pending motion before the Sixth Circuit panel that decided *Adams v. Bradshaw*, ___ F.3d ___, 2016 U.S. App. LEXIS 4678 (6th Cir. Mar. 15, 2016)(*Adams II*), to clarify those implications. Counsel wrote:

> The panel opinion rightly dismissed Adams's petition on the merits. The Warden respectfully asks, in the interest of judicial economy, for clarification of one paragraph of the panel opinion that is causing confusion among the lower courts in a significant number of cases. The panel should clearly state that *Adams I* only allows a "per se" challenge to lethal injection to be brought under § 2254. Any challenge to "the particular procedure" for lethal injection laid out in Ohio's lethal injection protocol, Panel Op. at

16, must be brought under § 1983.

*Adams v. Bradshaw,* Case No. 07-3688, ECF No. 176, page 2.  The decision reached by the Sixth Circuit panel on that Motion is clearly important to this Court's application of *Glossip*, but whatever decision the panel reaches, it seems likely that one of the parties will seek *rehearing en banc* and after that *certiorari* from the Supreme Court. The interests of judicial economy are not well served by having this Court guess at what the results might be.

Accordingly, it is respectfully recommended that the Motion to Dismiss be DENIED without prejudice to its renewal not later than thirty days after the mandate issues in *Adams II.*


May 10, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).