# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

WARREN KEITH HENNESS,

    Petitioner,

  -vs-

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Center

    Respondent.

:

:

:

Case No. 2:14-cv-2580

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

# SUPPLEMENTAL MEMORANDUM OPINION ON TRANSFER ORDER

This capital habeas corpus case is before the Court on Petitioner's Appeal (ECF No. 49) from the Magistrate Judge's Transfer Order (ECF No. 48). District Judge Barrett has recommitted the matter for reconsideration in light of the Appeal (ECF No. 52).

On January 11, 2017, Mr. Henness moved to amend his Petition in this case to add a claim under *Hurst v. Florida*, 577 U.S. ___, 136 S. Ct. 616 (2016)(ECF No. 43). Taking the position that both the original Petition and the Motion to Amend were second-or-successive habeas petitions which this Court did not have jurisdiction to adjudicate, the Warden moved to transfer the case to the Sixth Circuit (ECF No. 47). The Magistrate Judge agreed (Transfer Order, ECF No. 48)(reported at 2017 U.S. Dist. LEXIS 27097 (S.D. Ohio 2017) and this appeal followed. As permitted by Fed. R. Civ. P. 72(b), the Warden has responded to the appeal (ECF No. 51).

1

# Analysis

**Magistrate Judge Authority/Standard of Review**

Petitioner objects that, because a motion to transfer a case to a circuit court for a determination under 28 U.S.C. § 2244(b) on whether it may proceed is the functional equivalent of a motion to dismiss for lack of jurisdiction, a United States Magistrate Judge lacks authority to decide such a motion and any purported decision must be treated as a report and recommendation instead (Objections, ECF No. 49, PageID 595).

The Warden responds that orders to transfer are not the functional equivalent of a motion to dismiss because they do not terminate a case (Response, ECF No. 51, PageID 728, noting that a transfer order is not appealable, citing *Howard v. United States*, 533 F.3d 472, 474 (6th Cir. 2008)).

The Magistrate's Act at 28 U.S.C. § 636(b)(1)(A) precludes a Magistrate Judge from determining certain pretrial matters and those matters are called "dispositive" because they are "dispositive of a claim or defense of a party." *See, Vogel v. U.S. Office Products Company,* 258 F.3d 509, 514 (6th Cir. 2001), *citing* Fed.R.Civ.P. 72. The Sixth Circuit has decided the list of dispositive motions in 28 U.S.C. § 636(b)(1)(A) is nonexhaustive and Magistrate Judges also lack authority to decide analogous matters including Rule 11 claims for damages, *Bennett v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir. 1992)(*per curiam*); denial of *in forma pauperis* motions, *Woods v. Dahlberg,* 894 F.2d 187 (6th Cir. 1990)(*per curiam*); or a Rule 37 order striking pleadings with prejudice, *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir. 1988), cited approvingly in *Bennett;* or a remand order, *Vogel v. U.S. Office*

*Products Co.*, 258 F.3d 509 (6th Cir. 2001).

In determining whether a particular motion is dispositive, the Sixth Circuit has undertaken a functional analysis of the motion's potential effect on litigation. *Vogel,* 258 F.3d at 514, *citing* Fed.R.Civ.P. 72. The list of dispositive motions contained in § 636(b)(1)(A) is nonexhaustive, and unlisted motions that are functionally equivalent to those listed in § 636(b)(1)(A) are also dispositive. *Id.* (holding motions to remand are dispositive) and *citing, Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999)(holding that a motion for default judgment is dispositive because it is "substantially similar to several of the listed motions"); *Vitols v. Citizens Banking Co.,* 984 F.2d 168, 169-70 (6th Cir. 1993)(holding that a motion to certify a district court order for interlocutory appeal is dispositive); *Bennett, supra* (holding that a motion for Rule 11 sanctions is dispositive); *United States Fid. & Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085 (6th Cir. 1992)(holding that because a motion to realign parties would either destroy or preserve diversity jurisdiction, motions to realign are dispositive); *Woods v. Dahlberg,* 894 F.2d 187 (6th Cir. 1990)(holding that an order denying a motion to proceed *in forma pauperis* is dispositive because it is the functional equivalent of an involuntary dismissal).

Petitioner urges this Court to decide that decisions to transfer second-or-successive habeas applications are functionally equivalent to dismissing a case for lack of jurisdiction and is therefore actually dispositive. The Sixth Circuit has received many transfer orders entered by the undersigned and has never questioned the authority of a Magistrate Judge to enter such an order. *See, e.g.*, *In re Kenneth Smith,* 690 F.3d 809 (6th Cir. 2012); *In re Sheppard,* 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). Because the circuit court would not have appellate jurisdiction over an appeal from a Magistrate Judge's report and recommendations on a dispositive motion, one would expect the circuit court, if it agreed with Petitioner's position, to

remand the case for lack of appellate jurisdiction. Instead, the circuit court has proceeded to decide the merits of the transfer.

The Sixth Circuit has not decided the question and this Court has generally treated transfer questions as nondispositive. See *Fears v. Jenkins*, 2017 U.S. Dist. LEXIS 47901 (S.D. Ohio Mar. 29, 2017), distinguishing the Northern District of Ohio cases cited by Henness at PageID 595, n. 1.

Performing the functional analysis, one can see analogies between the transfer question and other matters found to be dispositive but not listed in 28 U.S.C. § 636(b)(1)(A). For example, an order certifying a question for interlocutory appeal moves a case from the district court to the circuit court and has been held to be a functional equivalent even though it does not dispose of a claim. *See Vitols*, *supra*. Similarly, an order remanding a removed case to state court does not "dispose" of a claim, but moves it to a different court and has been held to be dispositive. *See Vogel*, *supra*. On the other hand, a transfer of venue under 28 U.S.C. 1404 changes the forum but has not been held to be dispositive. Intrastate transfers of venue in habeas corpus cases under 28 U.S.C. § 2241(d) happen frequently and are often done *sua sponte* by Magistrate Judges.

Petitioner claims a transfer is functionally equivalent to a dismissal for lack of jurisdiction. Not so. Rather, it makes a determination that there is a prerequisite to exercise of jurisdiction, to wit, permission from the circuit court. A district court lacks jurisdiction to consider a second-or-successive petition without approval by the circuit court. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). A transfer order does not dismiss a case for lack of jurisdiction, but delays exercise of jurisdiction until that prerequisite is met.

Entirely apart from the question of Magistrate Judge authority to enter a transfer order is the standard of review on that order. The Magistrate Judge agrees with Petitioner that the standard of review is de novo because the question whether a second-in-time petition is also second-or-successive is a pure question of law to which the "contrary to law" standard applies, regardless of whether the Magistrate Judge filing is dispositive or non-dispositive.

**The Petition and the Motion to Amend as Second-or-Successive Habeas Applications**

The Transfer Order concluded that the First Amended Petition (ECF No. 26) and the Motion to Amend to add a claim under *Hurst* (ECF No. 43) are second-or-successive habeas applications and therefore must be transferred to the circuit court under *In re Sims*, 111 F.3d 45 (6th Cir. 1997). The Order concluded that "[a]t least Grounds for Relief One, Two, Three, Five, Seven, Eight, and Nine" in the First Amended Petition "would have been available to [Henness] when he filed his original habeas corpus case in this Court.[1] His failure to do so then constitutes an abuse of the writ." (ECF No. 48, PageID 587.)

Henness does not dispute that this case is his second-in-time habeas application, but notes that not every second-in-time petition has been classified as second-or-successive by the appellate courts (Objections, ECF No. 49, 595). Instead, he acknowledges, "courts apply the abuse-of-the-writ doctrine" under which "a subsequent petition is 'second-or-successive' when it raises a claim that was, or could have been, raised in an earlier petition." *Id.* at 597, citing *James v. Walsh*, 308 F.3d 162, 167 (2nd Cir. 2002) and *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). This was the standard the Transfer Order applied, but Henness asserts the Order is wrong on this

---

[1] Henness' first habeas case attacking his conviction and sentence of death was filed September 19, 2000 (Case No. 2:01-cv-43). That Petition was dismissed with prejudice October 31, 2007, and the dismissal was affirmed. *Henness v. Bagley,* 766 F. 3d 550 (6th Cir. 2014), cert denied, 135 S. Ct. 1708 (2015).

point as to every claim it ordered transferred.

**Lethal Injection Claims**

The Transfer Order lays out the history of this Court's treatment of lethal injection method-of-execution claims, based on the series of decisions by the Sixth Circuit in the Stanley Adams habeas case from the Northern District of Ohio. (ECF No. 48, PageID 580.) There are three published opinions of the Sixth Circuit in Stanley Adams' habeas corpus case: *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), referred to herein as *Adams I, Adams II*, and *Adams III* respectively. In light of the *Adams* decisions, lethal injection claims are cognizable in habeas corpus if they are "general," that is, they assert that the State of Ohio is constitutionally unable to execute a particular habeas petitioner by lethal injection no matter what manner of lethal injection is employed. *Adams III* at 321. The Transfer Order does not dispute that the ten grounds for relief in the First Amended Petition satisfy the pleading requirements of *Adams III*.

Henness objects, however, that the First Amended Petition is "not 'second or successive' under § 2244(b) because "it asserts claims with predicates that arose after the filing of the original petition [in Case No. 2:01-cv-43]." (ECF No. 49, PageID 599). The evidence which Henness intends to submit to prove these lethal injection invalidity claims "necessarily encompass[es] the facts relevant to what the State of Ohio has done under past execution protocols and what it intends to do under the current execution protocol." *Id.* The Transfer Order recognized this argument and concluded "[w]hat is clear is Henness' belief that, as death

penalty facts continue to change, he can amend his petition or make claims in new petitions that change to reflect those facts and thus are 'newly arisen.'" (ECF No. 48, PageID 587.) The Transfer Order concluded on this point:

> This cannot be what the Sixth Circuit meant when it authorized "general" attacks on lethal injection death sentences in *Adams III*. To do so would completely collapse in practice the distinction between § 1983 litigation and habeas corpus litigation. If this gambit works for capital habeas litigation, why not for non-capital? Suppose the inmate doing thirty years for drug trafficking can show a succession of unconstitutional conditions of confinement imposed on him. When he gets to n+1, does he then have a habeas claim that the State can no longer incarcerate him at all because it has proven incapable of confining him constitutionally in the past?

(ECF No. 48, PageID 587.) Henness' appeal nowhere argues with this conclusion. He just continues to assert that new relevant evidentiary facts make newly arising claims.

**The *Hurst v. Florida* Claim**

The Transfer Order also found Henness' Motion to Amend to add a claim under *Hurst v. Florida* was itself a second-or-successive habeas application (ECF No. 48, PageID 588-89).

Henness objects that because *Hurst* was not decided until after judgment was entered in the first case, raising it now is not an abuse of the writ (Objections, ECF No. 49, PageID 603). He relies on *Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). In that case the petitioner had raised his incompetency to be executed claim in his first habeas petition, but that petition was dismissed without prejudice as "premature." Chief Justice Rehnquist wrote:

> [N]one of our cases expounding this [exhaustion] doctrine have ever suggested that a prisoner whose habeas petition was dismissed for failure to exhaust state remedies, and who then did exhaust those remedies and returned to federal court, was by such action filing a successive petition. A court where such a petition was filed

7

> could adjudicate these claims under the same standard as would govern those made in any other first petition.
>
> We believe that respondent's *Ford* claim here -- previously dismissed as premature -- should be treated in the same manner as the claim of a petitioner who returns to a federal habeas court after exhausting state remedies. True, the cases are not identical; respondent's *Ford* claim was dismissed as premature, not because he had not exhausted state remedies, but because his execution was not imminent and therefore his competency to be executed could not be determined at that time. But in both situations, the habeas petitioner does not receive an adjudication of his claim. To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review.

523 U.S. at 644-45.[2] Henness' first petition was not dismissed for lack of exhaustion or any analogous reason. Rather, it was a decision on the merits and the dismissal was with prejudice.

If the Sixth Circuit decides that *Hurst* creates a new substantive constitutional right which applies to Ohio and is retroactively applicable to cases on collateral review, it may well decide this case can proceed in the District Court without its permission. See *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015), citing *Howard v. United States*, 533 F.3d 472 (6th Cir. 2008); *In re: Cedric E. Powell*, Case No. 16-3356, 2017 U.S. App. LEXIS 1032 (6th Cir. Jan. 6, 2017). Having determined that this case is a second-or-successive habeas application, this Court lacks jurisdiction to decide those questions. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007).

---

[2] Martinez-Villareal's case bridged the time before and after the effective date of the AEDPA, which enacted the second-or-successive requirement.

**Conclusion**

Having reconsidered the matter on recommittal, the Magistrate Judge remains persuaded that both the First Amended Petition and the Motion to Amend to add a claim under *Hurst* are second-or-successive habeas applications. It is therefore respectfully recommended that the District Court affirm the Transfer Order.

April 26, 2017.

s/ *Michael R. Merz*  
United States Magistrate Judge