# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WARREN KEITH HENNESS,

    Petitioner,

-vs-

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Center

    Respondent.

Case No. 2:14-cv-2580

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

## **ORDER**

This capital habeas corpus case is before the Court on: (1) Petitioner Henness' Objections to Transfer Order (Doc. 49); and Petitioner's Objections to the Magistrate Judge's Supplemental Memorandum Opinion on Transfer Order (Doc. 55).

### I. BACKGROUND

Henness' first habeas case attacking his conviction for three counts of aggravated murder and death sentence was filed September 19, 2000 (Case No. 2:01-cv-43). In his twenty-fourth ground for relief, Henness challenged the lethal injection procedure used in Ohio, contending the method constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. The Petition was dismissed with prejudice on October 31, 2007, and the dismissal was affirmed. *Henness v. Bagley,* 766 F.3d 550 (6th Cir. 2014), *cert denied*, 135 S. Ct. 1708 (2015).

Henness filed his second petition on December 10, 2014 (Doc. 1), which was subsequently amended on September 1, 2015 (Doc. 26). Petitioner's claims for relief in the First Amended Petition read:

1

**Ground One:** Keith Henness' execution by lethal injection under Ohio law will violate the Supremacy Clause.

**Ground Two:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because any drug DRC [the Ohio Department of Rehabilitation and Correction] can procure for use in lethal injections has a substantial, objectively intolerable risk of causing unnecessary, severe pain, suffering, degradation, humiliation, and/or disgrace.

**Ground Three:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because it causes a lingering and undignified death.

**Ground Four:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because the lack of legally available, effective drugs to conduct lethal-injection executions will result in the arbitrary and capricious imposition of the death penalty.

**Ground Five:** Keith Henness' execution by lethal injection under Ohio law will be a human experiment on a non-consenting prisoner in violation of the Fourteenth Amendment.

**Ground Six:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because the lack of legally obtainable, effective drugs to conduct lethal-injection executions will cause psychological torture, pain and suffering.

**Ground Seven:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because of the substantial, objectively intolerable risk of serious harm due to DRC's maladministration of Ohio's execution protocol.

**Ground Eight:** Keith Henness' execution by lethal injection under Ohio law will violate the Equal Protection Clause of the Fourteenth Amendment.

**Ground Nine:** Keith Henness' execution by lethal injection under Ohio law will violate the Due Process Clause of the Fourteenth Amendment.

**Ground Ten:** Keith Henness' execution by lethal injection under Ohio law will violate the Eighth Amendment because of his unique, individual physical and/or mental characteristics.

(Doc. 26; PageID 284-86).

Respondent sought transfer, or in the alterative, dismissal. (Doc. 27). On May 10, 2016, the Magistrate Judge issued a Report and Recommendation (Doc. 41), recommending the Warden's Motion to Dismiss be denied, with permission to re-file after the mandate issued in the Sixth Circuit's amended opinion in *Adams v. Bradshaw* (*Adams III*), 826 F.3d 306 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 814 (Jan. 17, 2017). The mandate issued in *Adams III* on January 23, 2017, and the Warden filed her renewed Motion to Transfer on February 22, 2017. (Doc. 47). On February 27, the Magistrate Judge recommended transfer of the lethal-injection claims (along with Henness' motion to amend to add claims under *Hurst*) as second or successive. (Doc. 48). Henness objected (Doc. 49), and the Warden filed a Response. (Doc. 51). The District Judge recommitted the matter to the Magistrate Judge on March 17, 2017. (Doc. 52).

Three days prior to the recommital order, Henness sought leave to file a Second Amended Petition to update his lethal-injection claims. (Doc. 50). He argued that his Second Amended Petition would address new factual predicates arising out of changes to Ohio's execution protocol on October 7, 2016, as well as the evidence and factual findings from the Decision and Order preliminarily enjoining the Ohio Department of Rehabilitation and Correction from executing Ronald Philips, Gary Otte, and Raymond Tibbetts. *See In re Ohio Execution Protocol Litig.*, No. 2:11-cv-1016, 2017 WL 378690 (S.D. Ohio Jan. 26, 2017).[1]

---

[1] The injunction order was affirmed on appeal by the Sixth Circuit. *In re Ohio Execution Protocol Litig.*,853 F.3d 822, 846 (6th Cir. 2017). The State's Petition for Rehearing *en banc* was granted on April 25, 2017, *see* 2017 WL 1457946 (6th Cir. Apr. 25, 2017) (*en banc*). Oral argument took place on June 15, 2017, and the appeal was decided on June 28, 2017. The *en banc* panel of the Sixth Circuit reversed. 860 F.3d 881, 892 (6th Cir. 2017).

The Warden responded to Henness' Motion for Leave with a Third Motion to Transfer Henness' Petition to the Sixth Circuit, or, in the Alternative, to Deny Leave to Amend. (Doc. 53). Henness filed a Response in Opposition to the Third Motion to Transfer. (Doc. 54).

On April 26, 2017, the Magistrate Judge issued a Supplemental Memorandum Opinion on Transfer Order again finding that Henness' lethal-injection claims, as well as his *Hurst* claim, constituted second-or-successive applications that required him to recommend that the District Court transfer the applications to the Sixth Circuit. (Doc 55; PageID# 769). Petitioner filed objections, and the Warden responded.

## II. ANALYSIS

The Court is currently considering Petitioner's Objections to the Magistrate Judge's Memorandum Opinion (Doc. 48) and Supplemental Memorandum Opinion (Doc. 55), both of which order that the case be transferred to the Sixth Circuit. In the foregoing Orders, Magistrate Judge Merz agreed with the Warden's argument (Doc. 47) that "both the original Petition and the Motion to Amend were second-or-successive habeas petitions which this Court did not have jurisdiction to adjudicate[.]" (Doc. 55; PageID# 761). Because "[a] district court lacks jurisdiction to consider a second-or-successive petition without approval by the circuit court[,]" *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007), Magistrate Judge Merz ordered that this case be transferred to the Sixth Circuit. Among Petitioner's other objections, Petitioner argues that the magistrate judge lacked authority to enter the transfer order because it is dispositive; thus, according to Petitioner, he is entitled to a full *de novo* review of the transfer issue.

For the purpose of resolving the objections and motions, the Court will address Petitioner's arguments in this order: (**a**) whether the order is dispositive, and thus subject to *de*

*novo* review; (**b**) whether Petitioner's Petition, and proposed amendments, constitute second or successive claims; and (**c**) whether Petitioner's *Hurst* Claim is second or successive.

    **a.** The Transfer Order is Subject to *De Novo* Review, Regardless of Whether It is Legally Dispositive

The question of whether a transfer order is dispositive has been the subject of many recent objections to opinions of magistrate judges in the Southern District of Ohio, in which *habeas* petitioners argue that magistrate judges lack the authority to transfer second or successive petitions to the Sixth Circuit. However, the question need not be resolved in this case. The Court agrees with the magistrate judge (Doc. 55; PageID# 765) that, regardless of whether the transfer order is dispositive, Petitioner's objections involve questions of law that are subject to *de novo* review. *See also Tibbetts v. Warden*, 1:14-cv-602, 2017 U.S. Dist. LEXIS 83416, at *4 (S.D. Ohio May 30, 2017) (Dlott, J.); *Campbell v. Jenkins*, No. 2:15-cv-1702, 2017 U.S. Dist. LEXIS 130803, at *9 (S.D. Ohio Aug. 16, 2017) (Rice, J.).

Accordingly, the Court will undertake a *de novo* review of the remaining issues.

    **b.** The Petition is Second or Successive, and Thus Requires Circuit Court Permission to Proceed

In his amended Petition, Henness asserts claims implicating Ohio's lethal injection protocol. He argues that his claims are second-in-time, but not "second or successive," because they are based on factual predicates that arose after his first habeas petition was filed in 2000.

    1. Circuit Court Permission

Federal law generally gives habeas petitioners one chance to pursue their claims in federal court. *In re Stansell*, 828 F.3d 412, 413-414 (6th Cir. 2016) . To pursue habeas relief via "second or successive" petitions, applicants must overcome strict limits before federal courts will permit them to proceed. *Id.* (citing 28 U.S.C. § 2244(b)(3)(A)). "Indeed, district courts lack

5

jurisdiction to deal with such cases without circuit court permission." *Tibbetts v. Warden Chillicothe Corr. Inst.*, 1:14-cv-602, 2017 U.S. Dist. LEXIS 51968, at *12 (citing *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007)).

As the magistrate judge correctly observed, the determination of whether a habeas application is second or successive is committed to the District Court in the first instance. *In re: Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). If the district court determines that the petition is second or successive, then the district court must transfer it to the Sixth Circuit, which will undertake an analysis of whether the petition may proceed. "Because district courts have no jurisdiction to consider the merits of a second-or-successive habeas application, they risk serious waste of time and effort if they accept a petition and the court of appeals later concludes they had no jurisdiction to consider it." *Tibbetts*, 2017 U.S. Dist. LEXIS 83416, *7. In other words, this Court, and the litigants, risk wasting significant resources if the Court improperly accepts jurisdiction over the Petition. With this caution in mind, the Court turns to the question of whether the Amended Petition, and proposed amendments, are "second or successive."

2. Abuse of the Writ Doctrine

The abuse of the writ doctrine governs whether a petition is "second or successive." "Under the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *In re Bowen*, 436 F.3d 699, 704 (6th Cir.

2006).[2]

Here, there is no dispute that Henness' first petition was filed in 2000, and dismissed in 2007. The petition now before the Court was filed in 2014. However, Henness argues that this case is not second-or-successive because it asserts claims based on "predicates that arose after the filing of the original petition" (i.e., the alleged "watershed change in Ohio's lethal injection protocol") (Doc 46; PageID# 550; Doc. 56; PageID# 778). Petitioner asserts the following to support that his "new" claims are cognizable in habeas:

> Henness' death sentence is invalid because Ohio, by operation of its own state law, can use only lethal injection to carry out his death sentence; and because Ohio cannot constitutionally carry out a lethal-injection execution on Henness, since Ohio has shown that it cannot lawfully obtain execution drugs, cannot constitutionally administer any execution protocol it has ever adopted, and because it is incapable of adjusting its execution protocol to accommodate and address Henness' unique, individualized characteristics.

(Doc. 57; PAGEID# 778). In seeking leave to amend, Henness also seeks to "update his lethal-injection claim" with purportedly new factual predicates and evidence underlying the *Fears* injunction, which the Sixth Circuit has since vacated. According to Henness, because these lethal injection claims are "newly ripe," the filing of his second-in-time petition and an amended petition should not be deemed an abuse of the writ.

In support, Henness relies on *Adams v. Bradshaw*, 826 F.3d 306, 321 (6th Cir. 2016)("*Adams III*"). In sum, *Adams III* recognizes that "challenges [to] the constitutionality of lethal injection in general . . . [are] cognizable in habeas." *Id.* However, "a challenge to a particular [execution] procedure that concedes the possibility of an acceptable alternative procedure is properly brought in a § 1983 action." *Id*. (citing *Glossip*, 135 S. Ct. at 2738). In an

---

[2] An example of a numerically second petition, that is not "second or successive," is a § 2254 application raising an incompetency claim based on *Ford v. Wainwright*, 477 U.S. 399 (1986), filed as soon as it is ripe. *Panetti v. Quarterman*, 127 S. Ct. 2842, 2853, 551 U.S. 930, 945, 168 L. Ed. 2d 662, 677 (2007).

7

attempt to fit within the *Adams III* framework, Henness argues that his claims are properly brought in habeas because they assert that his sentence "cannot be lawfully carried out on him via lethal injection, and Ohio law permits no other manner of execution." (Doc. 57). According to Henness, his claims were "unripe until recently," becoming ripe when Ohio changed its execution protocol. (*Id.*)

In sum, Petitioner advocates for an interpretation essentially allowing the habeas statute of limitations to restart every time Ohio changes its lethal injection protocol. The Magistrate Judge rejected Petitioner's arguments, which again cited changes to Ohio's lethal injection protocol as new factual "predicates," reasoning that: "This cannot be what the Sixth Circuit meant when it authorized 'general' attacks on lethal injection death sentences in *Adams III*. To do so would completely collapse in practice the distinction between § 1983 litigation and habeas corpus litigation." (Doc. 48; PageID# 587). This Court agrees with the Magistrate Judge. Furthermore, the Magistrate Judge's logic has already been accepted by at least one other district judge in the Southern District of Ohio. *See, e.g., Tibbetts*, 2017 U.S. Dist. LEXIS 83416, at *14 ("Petitioner's position — presumably applicable to all capital petitioners represented by the Federal Public Defender — completely conflates habeas and § 1983 procedure. If that is what the Sixth Circuit intended by its decision in *Adams III*, it will presumably tell us in response to the Transfer Order.") (Dlott, J.).[3] Furthermore, after the parties completed their objection briefing in this case, the Sixth Circuit's stance on Petitioner's arguments has become increasingly clear: "[T]he *Glossip* Court necessarily barred all habeas petitions challenging 'a particular application of a particular protocol to a particular person[.]" *In re Campbell*, 874 F.3d 454, 462 (6th Cir. 2017) (citing *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017)).

---

[3] Ultimately, the Sixth Circuit did not use *Tibbetts* to impose such a directive on the district court. Instead, upon transfer, the Sixth Circuit dismissed the petition. *In re Tibbetts*, 869 F.3d 403, 408 (6th Cir. 2017).

8

Accordingly, Henness' objection, as it relates to his non-*Hurst* claims, is overruled.

    **c.** The *Hurst* Claim is Second or Successive

Henness also wishes to file a Second Amended Petition asserting the following ground for relief, which he styles as his "Hurst" claim:

> ELEVENTH GROUND FOR RELIEF
>
> Henness's Sixth, Eighth, and Fourteenth Amendment Rights were violated because the jury's penalty phase findings and recommendation of a death sentence were only advisory and the judge actually made the conclusive findings and determination that Henness be sentenced to death.

In *Hurst*, the Supreme Court found that Florida's capital sentencing scheme violated the Sixth Amendment, given that the jury was not required to make critical factual findings necessary to impose the death penalty. *Hurst v. Florida*, 136 S. Ct. 616, 621-22, 193 L. Ed. 2d 504 (2016) (citing *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002)). Henness maintains that Ohio's capital sentencing scheme suffers from the same flaw.

According to Henness, his new petition is not second or successive because *Hurst* was not decided when he filed his first petition. However, Henness' argument "would considerably undermine—if not render superfluous—" the rule reflected in 28 U.S.C. § 2244(b). *In re Coley*, 871 F.3d 455, 457-58 (6th Cir. 2017).

Accordingly, Henness' objection, as it relates to his *Hurst* claim, is overruled.

### III. CONCLUSION

Therefore, consistent with the above, the Court **OVERRULES** Henness' objections (Doc. 49; Doc. 55) and **TRANSFERS** this case to the United States Court of Appeals for the Sixth Circuit. Thus, the Warden's Motions to Transfer (Doc. 45; Doc. 47; Doc. 53) are **GRANTED IN PART**, consistent with the Magistrate Judge's transfer order. Unless and until

this matter is remanded, this Court lacks jurisdiction to rule upon the remaining motions.

**IT IS SO ORDERED.**

s/ *Michael R. Barrett*

Hon. Michael R. Barrett
United States District Judge