# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

WARREN KEITH HENNESS,

    Petitioner,

:

Case No. 2:14-cv-2580

-vs-

:

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Center

:

    Respondent.

## REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on the Sixth Circuit's dismissal of the proceeding before it on the question whether to grant Henness permission to proceed with the case, given that this Court had determined that the case was a second or successive habeas corpus application.

On February 27, 2018, the District Court determined that this was a second or successive case and ordered it transferred to the circuit court (ECF No. 58). The case was thereupon transferred and assigned Sixth Circuit Case No. 18-3184. On March 28, 2018, Henness moved to dismiss the transferred cause "in lieu of filing the second or successive petition form pursuant to 6th Cir. R. 22." (Motion to Voluntarily Dismiss, ECF No. 8 in Case No. 18-3184). On April 3, 2018, the Sixth Circuit granted that motion (ECF No. 61), effectively returning the case to this Court.

1

Because the case is second or successive, this Court has no jurisdiction to consider it on the merits without circuit court permission which Henness has now refused to seek. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). It is accordingly respectfully recommended that the Petition herein be dismissed without prejudice for lack of jurisdiction. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 6, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).